If both attorneys that are going to present argument would step up and identify yourselves for the record. Good morning, Your Honors. For the Dependent of Polly Evans and Green, Jeffrey Berman. Good morning, Mr. Berman. So both of you are aware, you'll each have approximately 15 minutes to present your remarks, and from that, Mr. Chemers, you may save up some time for rebuttal. Justice William Taylor is the third panel member, although he is not able to be here today, but the audio tape, of course, will be available for his review, as well as, obviously, the briefs and the record. And with that, we will proceed. Thank you, Your Honor. Please, the Court, Counsel, good morning again. For the plaintiff appellant, Robert Chemers, I would like to reserve at least five minutes for rebuttal. Certainly. This is an unusual case. Interesting. We are asking this Court to not employ the traditional mechanical test to look at the jurisdictional issue, but to take a realistic approach. To take an approach that apparently has not yet been taken by any reviewing court in Illinois. We couldn't find a case remotely. And have you, I mean, I would have assumed the parties would have, if there were anything in other jurisdictions similar to this factual scenario. Well, we thought about that, Your Honor. We thought about looking at other jurisdictions. The problem is the vast majority of jurisdictions don't have the requirement that Illinois does that a claimant is to be joined as a nominal but necessary party. Supposedly, in whose absence complete relief can't be given under 2701 of the Code. It is a judge-made item of law in this State that the claimant, here Evans N. Green, is a necessary party because Illinois public policy is such that the claimant, against an insurer, has a substantial interest in the policy of insurance. That having been said, this is unlike any other case where a non-resident defendant is sued in an Illinois court. This doesn't involve a tort. It doesn't involve a breach of contract. They have been named solely in order to be bound. For two reasons. One, to give them the opportunity, if they want it, to say something about the coverage issues in this case that they may think won't be set by the insurer under the so-called Doctrine of Representation. Let me interrupt you. You said you want us to take a practical approach. Realistically. Okay. Well, let me ask you, if nothing else, are the actions that we're talking about as far as Walsh or Evans N. Green, the law firm that sued Meadoworks and served them with process, are you in agreement that filing the lawsuit and then the service of process are the contacts that Evans and Green had with this jurisdiction? Well, the lawsuits filed in Missouri, and they resorted to Illinois law to obtain service on two Illinois defendants, one corporation and one individual. And they also have, through that lawsuit, it can be in Missouri, it can be anywhere. No, I know they sued them in Missouri, but are you using the fact of the lawsuit and service of process as the contacts? Yes. And one other. And what is the other? The service of process, the fact that the lawsuit, because without that lawsuit, he couldn't have filed a complaint for declaratory judgment. And the fact that they have a substantial interest in the Illinois policy, which is all part of the contact with Illinois. And the law is, it talks about significant or substantial contact, but that's kind of a misnomer because it gets down to minimum contacts. That's all that is required not to offend due process for constitutional purposes. But doesn't the contact, doesn't that minimal contact have to be voluntary? Don't they have to voluntarily have some contact with Illinois? And don't they not really have anything to do with whether, you know, with the spike between the insurance company and the other party? They didn't get to choose where that insurance policy was. Well, that's an interesting question, Your Honor, from the standpoint that our position is even with the affidavit of Doug Evans, who testified to all the things his law firm didn't do in the state of Illinois, it doesn't rebut the presumption that they may have known that it was likely that an Illinois corporation with an Illinois president would likely have insurance in the state of Illinois issued by an Illinois insurance company, which is exactly the scenario here. They chose to file the suit in Missouri. They could have easily filed this lawsuit here in the circuit court of Cook County. Are we looking at how this coverage action actually arose? Do we look at why there is a coverage action or the underlying facts of that? Well, there is a coverage action because our insured was sued, and we're taking the position that they are not entitled to coverage. Yes, yes. For the reason that in March of last year, the Illinois Appellate Court Fourth District held the damages in cases like this are uninsurable as a matter of law. I understand the nature of the action. You want a declaration that there is no coverage. Right. But did your DEC action arise out of the Missouri action, or did it arise out of this notion that you want a declaration regarding your insured? And it was your insured's contacts with another jurisdiction. It was the insured's faxing into Missouri to a law firm there that caused the coverage action to arise. Well, that's two weeks ago. I think we talked about the cause of the pollution, and you go all the way back to DuSable. Yes. Well, this is a very interesting case. No, I don't think the faxing is the cause for the declaratory judgment. I think the fact the insured was sued is the cause for the declaratory judgment. All right, well, let me get right to another point. Are you without a remedy here? We may be. All right, well, let me ask you, are you really without a remedy when you could file a petition to intervene in the Missouri federal action? I don't know if we can file a petition to intervene in the Missouri action because there would be no diversity. Well, no. I'm talking about Federal Rule 24, permissive intervention. And I know you don't have this in front of you, but we have a very similar statute in Illinois. But this one says that, in general, on a timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact, is given a conditional right to intervene by a federal statute. That doesn't apply. So couldn't you ask to intervene in the Missouri federal district court action because of your coverage action, because you want to have a declaration affecting your insured, what's their name, Meadow Works and Brian Walsh, and you also want a declaration that would apply to the Missouri law firm of Evans and Green. And in that coverage action, since you say that Evans and Green has an interest and obviously Meadow Works does, how are you without that remedy? I don't believe this would require it. I have not looked at Federal Rule 24 for the purpose of intervening in the action in the federal court in Kansas City, but having litigated coverage cases before District Judge Ortry Smith, who was the judge assigned to this case, each case I filed, and there were two, were dismissed by that judge on extension grounds, taking the position that these are questions of state law. I'm a federal judge. I don't have to bother with this. So go to the state court, which we did. We filed suit in Missouri. But maybe the court would take a different view if it knew that you couldn't really litigate here based on a lack of jurisdiction. Well, we have a situation in this case where, and I believe we put it in a footnote, that Meadow Works and Brian Walsh moved to dismiss or stay in the circuit court. And Judge Preston granted the motion to stay, saying that the case would be dismissed depending on what happens, either in this appeal or in the motion for class certification in Kansas City. So their position is, if your honors affirm the lack of jurisdiction over Evans and Green, they will then move for an immediate dismissal of the declaratory judgment actions, taking the unusual position that we don't have a necessary party, as if that matters to them. The lack of a necessary party doesn't matter to the insured. It matters to the insurer. Yes, yes. And let me ask you this other question. If you proceed in Illinois without the necessary party, they're not bound by the decision. That's correct. But what's the authority about where a party chooses not to participate? Well, if you choose not to participate, such as if you don't bring your jurisdictional motion, you waive it. All right. So that's another option that, I mean, it's a possibility that in this case you can get your declaration against Meadow Works and Brian Walsh, and I don't see how Evans and Green can complain when they aren't going to participate. Well, their motion's already been granted. I think if this court affirms the next thing I'm going to see is a motion from the insurance council for a final judgment based on what Judge Preston ruled. Yes. Then we'll be back in this court arguing doctrinal representation and the And it doesn't impact the insured one bit. It only impacts Pekin. We could win, and then there could be a judgment, monetary judgment in the federal court, and they're going to look to Pekin for payment. I would have to relitigate these coverage issues. So it wouldn't matter to the insured. Yes. Because they've already been held to be uncovered if we were to win without the underlying claimant. So that doesn't matter. That might be an appeal for another day, but we could avoid that by this court reversing and saying that this is not a case like a breach of contract. Because it's not a case like a tort. This is a situation where a non-resident is being joined for one purpose and one purpose only, to be bound. Yes, but they've moved to dismiss because they don't believe that the court has jurisdiction. Right. And they have every right to contest jurisdiction, and I don't know that there's anything about this that would suggest that we don't use the traditional case law to determine whether, you know, fair play and We welcome that. I think if you use the traditional concept of does exercise of jurisdiction over Evans and Green offend the traditional notions of fair play and substantial justice under International Shoe, Hanson v. DenClerc, the Burger King case, the answer is no. It doesn't offend it for several reasons. There is a purposeful direction of conduct to the State of Illinois, the direction to get service on Illinois defendants, the interest in the Illinois policies issued to those Illinois defendants. And you also have the Burger King factors here. The burden to defend in Illinois is not unduly great. It's not unduly great because coverage cases, as your Honor has noted, are typically resolved on motion. There's already been a holding by the Appellate Court of Illinois, as well as the Court of Appeals in Missouri, that there's no coverage for TCPA cases. In Missouri, it's Olson v. So you're going to win on the coverage? I'm not so sure. You never know. It's looking good, though. The other Burger King factor is that Missouri is relatively close to Illinois. It's a border state. In Burger King, they were talking about Ohio and Pennsylvania. Illinois has a paramount interest in adjudicating this dispute. It's an Illinois insurance company, Illinois policies, Illinois insurance, and undoubtedly Illinois law would apply even if it's litigated in Missouri. Illinois is also the most efficient forum to litigate this dispute. And with the Burger King factors looked at, there is a reasonable presumption that the claimant could have anticipated being ailed into an Illinois court for a coverage case, especially when you consider who's representing the claimant in this case, Anderson and Watts, who has more experience in litigating coverage on TCPA cases, other than my firm, than theirs. We have a footnote. I think they have eight cases, eight reported decisions in coverage cases. That's probably not even counting many, many others that have since come down. So they have very experienced, capable counsel who are representing them here, and we certainly also represent them in Missouri. So this is not a typical, this is a, to use a Latin expression, sui generis situation. This is a situation where this court could fashion a holding that under these circumstances, it is not offensive to the traditional notions of fair play and substantial justice to require the non-resident defendant to litigate in Illinois or to have been given the opportunity to litigate. And I think that's all the law requires, is that the insurance company, as the plaintiff, gives the claimant an opportunity to participate. I believe we allege in our complaint that, excuse me, that Evanston Green has been joined as a nominal but necessary party, and if they agree to be bound and stipulate to be bound by whatever judgment is entered, we'll dismiss this. But of course they're not going to do that. Many times, personal injury plaintiffs stipulate to be bound, they don't want to bother. So has it been discussed and it's an outright no, we're not going to agree? Well, we know that from them because they filed a motion to dismiss for lack of jurisdiction. And I would submit to the court under, if the court looks at this from the traditional approach, the three things to look at are service of process, they're not complaining about that, the long-arm statute, 2209C is the catch-all, what we're suggesting here is not offensive to the constitutional issue, and the due process issue. This passes muster under either the federal or the state constitution, which I believe are coextensive with respect to this issue. And for all those reasons, I suggest to the court that it should reverse. Okay. Thank you. We'll give you some time for rebuttal. Berman? May it please the Court? Counsel? Your Honor, as I indicated, my name is Jeff Berman, and I represent the defendant, Allie Evans-Greens, in this matter. Before I turn to the merits of the appeal, I wanted to take just a moment to express my appreciation to the court, the court's clerks, and the public's counsel, for accommodating our request to change the time of this argument. As you may be aware, I wasn't actually expecting to present this argument. I learned on Thursday evening that our co-counsel was unable to be here. We contacted the court's clerk on Friday morning and explained that I had another case in the second division starting at 10 o'clock this morning, and the court and the court's clerks were wonderful about accommodating us. And I would be very much remiss if I didn't at least take a moment and say thank you on behalf of our client. All right. Turning to the question of the appeal, while I understand Learned Counsel's argument, I think this appeal presents a simple proposition. As a matter of fact in law, there is simply no basis presented in this case for the exercise of impersonal jurisdiction over Evans and Green. The trial court received a full briefing and argument from the parties and reached the correct conclusion that this court does not have personal jurisdiction over Evans and Green under the constitutional test articulated by the U.S. Supreme Court and Illinois courts. The trial court's lengthy order is well-constructed, properly grounded, and should be affirmed by this honorable court. In sum, Beacon has not alleged, let alone proven, that Evans and Green have any contacts whatsoever with the state of Illinois. There is no basis for the exercise of personal jurisdiction. They concede there's no basis for general jurisdiction, there is no continuous and substantial contacts,  of a lawsuit in Missouri related to injuries that occurred in Missouri to the exercise of specific jurisdiction in Illinois. The claims alleged in the coverage case do not arise directly out of any contact between Evans and Green and the state of Illinois. And finally... Well, when you say that, you know, if we use arising out of in a very broad sense, can't it be argued at least that this certainly arises out of some activity that occurred in Illinois, being the lawsuit in service of summons? Your Honor, I would respectfully suggest that that is not a fair conclusion. The lawsuit was filed in Missouri to address the claim. The lawsuit was served not pursuant to Illinois law. The lawsuit was served pursuant to the Missouri long-arm statute. Yes. And therefore, there was no purposeful availment of Illinois law by Evans and Green with regard to the lawsuit that would subject them to this Court's jurisdiction. They placed the... And do you point that out in your brief, that the service of process is pursuant to Missouri law, the long-arm? I'm not sure that that was specifically addressed in the brief. But you're pointing it out today. And I didn't write the brief. Yes. All right. Well, that's fine. But I actually took a look when preparing for this argument, and ultimately the answer is Illinois law does not provide the basis for service of process here. It's Missouri law. It's the Missouri long-arm statute that, just like Illinois, allows for extraterritorial service of process for a lawsuit filed in Missouri. In this case, it was filed in Missouri State Court. And it's pursuant to that law that the service was infatuated on Meadow Works and the individual. That is the sole connection here. What about the federal? Are you familiar with the federal rules of civil procedure that allow for a permissive intervention in a suit that has a claim or defense that shares with the main action, a common question of law or fact? Well, I wouldn't deny that I was aware of the rule. Yes. But I mean, don't you see that as a method by which the insurance company can resolve this matter in the Missouri forum? We have had circumstances in which insurers have attempted to intervene in lawsuits involving underlying TCPA claims. Typically that takes place or has taken place in our experience where there has already been a settlement and the question is whether the settlement is fair and reasonable, and then the insurer comes in and says, hey, you're trying to put this on our back based on the settlement, and therefore we have a demonstrable interest in addressing fair and reasonableness in the context of the settlement. I'm not familiar with a case in which an insurer was allowed to intervene. No, because I don't think there's a case like this. But, Your Honor, let me go one step further, and this is also not in the briefs. PCID has filed a declaratory judgment action in the Circuit Court of Greene County, Missouri, naming all of the parties seeking the exact same relief they're seeking in the case that's in the brief. Well, have you moved to dismiss this action then based on another action pending? This was filed on or about January 22, 2013. Oh, just a few days ago. I learned about it on Friday. All right. So who does it name? It names Meadow Works, LLC, Brian Walsh, and Evans & Greene, LLP, filed by Pekin Insurance Company, and the court clerk's stamp is January 18, 2013. So it names Meadow Works, Brian Walsh, and Evans & Greene. And it's Pekin Insurance. Pardon me? Pekin is the point. Correct. And it's a deck action. It is a deck action. And it alleges basically all the facts that are alleged in the incident complaint. The complaint that's on it. Essentially, it seeks the same relief. More than likely. Yes, it seeks the same relief. Now, putting that aside, as far as your clients are concerned, don't they have an interest in the proceeds, the insurance policy at issue? The way I would respond to that, Your Honor, is under a law in common law. The insured has an interest in the insurance, which arises at the same time as the underlying occurrence. That doesn't mean that the claimant didn't have an interest. In your brief, you said they really had no interest when they filed the suit. There really wasn't any. Well, no. What they said is they didn't know who was the insurer or even if they had insurance. Okay. And so this argument that, well, we reasonably anticipate it being hailed in the court in Illinois to defend a deck action in a state which Evans & Greene has no other contact is pure speculation. There is nothing in the record to support that. It's not alleged in the complaint, and it's never been supported by any factual showing. This is merely their argument that you must infer that because I sued somebody, I know who their insurance is or that they're insured and that I will have to go. And if you take that to its extreme, that would suggest that any time you sue a defendant, you are reasonably anticipating being hailed into court in any state in the union in which an insurer is located, at least into Massachusetts, New York, Illinois, Pennsylvania, where most of the insurers are located. That's not the teachings of due process. Due process says you have to purposely avail yourself of a particular jurisdiction and the benefits of its laws before you can be hailed into court to respond to a lawsuit in that jurisdiction. Whatever due process means, it doesn't mean this. What's pending now in this circuit court? You've already granted a motion to dismiss. Fill me in again. What's the procedure? Evans & Greene filed a motion to dismiss for lack of personal jurisdiction. That was granted. And that's here. Correct. What's left in the circuit court? The claim against the two insured parties brought by Pekin seeking declaratory relief against their insurance. Meadow Works & Walsh. Correct. What happens if, you know, now you've got this new deck action that's pending in Kansas City, is it? Missouri. Greene County, Missouri. Greene County, Missouri. So, you know, you've got the deck action here in which Evans & Greene say you don't have jurisdiction over us because we're not residents of Illinois. And now Pekin files a deck action in Greene County, Missouri. And what happens if Meadow Works & Walsh go in there and say, hey, you don't have jurisdiction over us because we're Illinois residents. So where's Pekin supposed to go? Well, they might have a better argument as far as Meadow Works when you think about the faxing and the origin of this lawsuit to begin with, but I'm just throwing that out there. And I would suggest the analysis has to be done in the Missouri Long-Arm Statute and that I surmise that Pekin will argue in that case that they availed themselves of the firm. They committed a tort which affected rights within the jurisdiction and therefore they're subject to long-arm jurisdiction. It's essentially the same argument that would have needed to be made in the underlying case. By committing a tort in Missouri, giving rise to the claim for coverage, they are now subject to personal jurisdiction. Whereas you haven't committed any tort in Illinois.  Your clients haven't done anything in Illinois. In relation to the DEC action, and this is a specific jurisdiction case. Well, let me ask you this just on a more esoteric level about this coverage action. You want out of the state. Let's say they get a declaration against Meadow Works and Brian Walsh under Illinois law that there is no coverage. Do you agree with Mr. Chemers that there's a case right now that says there's no coverage for the faxing tort here? I will agree that Standard & Mitchell v. Lay, a decision of the Fourth District Court of Appeals, found that the damages alleged under the TCPA for statutory damages are penal in nature and therefore Illinois public policy precludes coverage for those damages. But not for the rest of the action. Correct. That's our argument. And there's actually a PLA pending before the Illinois Supreme Court in Standard & Mitchell v. Lay. That PLA was granted. Parties are briefing. I think Mr. Chemers' brief is due in about a week. The Illinois Supreme Court will resolve that question. Similarly, in Missouri, there's Olson v. Siddiqui, which did not exactly reach the same question. Olson v. Siddiqui found that statutory damages aren't damages under a particular insurance policy, but the effect is the same. It found that there was no coverage and there is a motion to transfer pending to bring that case before the Missouri Supreme Court as well. At the time this jurisdictional fight began, that wasn't the situation. Obviously the law is in flux. And so as things stand at the moment, if this Court agrees with Standard & Mitchell v. Lay and the decision in the 4th District, then you would construe that TCPA damages are not covered under Illinois law. That isn't to say that we don't believe we have very strong arguments that Standard & Mitchell v. Lay is incorrectly decided in light of the Illinois Supreme Court in Swiderski, which found a duty to defend TCPA damages and as this Court is aware, there is no duty to defend a case where there is no ultimate coverage, where there is no possibility of indemnity. So you can't find a duty to defend where you don't have a possibility of indemnity. So we believe there is a conflict there as well as with the 2nd District Court of Appeals decision in Hanover v. Shelburne, which again found not only a duty to defend, but also rejected the public policy question that ultimately is addressed in Lay and also the 2nd District decision in Italia Foods, again where they specifically rejected that, although the Supreme Court vacated that portion of the opinion because they didn't need to get to it. We believe there is very strong arguments that Lay will not be sustained and shouldn't be sustained by the Illinois Supreme Court, but now we've gotten really far afield from the jurisdictional question here. Mr. Chemers is concerned that if he's not able to make you, when I say you, I mean your client, a party to the Illinois action, that at some later point in time, if he's able to survive without you, if the action is able to survive without you, and he's able to get a declaration of no coverage, he's worried that down the line, Evans and Green is going to say, well, we're not bound by that because we weren't parties. And then the question is, well, what do you think about whether or not Evans and Green would be stopped from claiming that you're not bound because you have the opportunity to participate in the decline? With due respect, Your Honor, and I just had this conversation with Judge Quena, 16th floor, res judicata would not apply in this situation. They are not bound. You cannot bind a party that isn't subject to the jurisdiction of the court. Justice Conover is asking you about estoppel. And I do not believe that there is a basis to apply estoppel to a party that isn't subject to the personal jurisdiction of the court. You're essentially using estoppel as a surrogate to get a res judicata. And ultimately, I understand the concern, but the interest of the insurance companies is not the paramount interest here. It's the due process right of the non-resident party and their ability to be free from being hailed into a jurisdiction to answer a lawsuit where they do not meet the due process minimum context test. There is no basis under the existing law for this party, who has no context with the state of Illinois, to answer a lawsuit in this case. Mr. Berman, what would you say to that one comment that the fact that they have an interest in the policy is something we should consider in this review of the due process argument? I think the way to answer that question is, yes, they have an interest, but that interest doesn't rise to the level of contact. And that's the problem here, is that the case law says that you as a party are not going to be hailed into the jurisdiction based on the context of somebody else. And there's case law, and we've cited some, that say even entering into a contract with a party in the jurisdiction doesn't necessarily confer personal jurisdiction in this forum, because you have to have something more. You have to have something greater than a mere entry in the contract. Here, it's an implied relationship arising out of common law. They're not even a party to that contract. And they certainly haven't availed themselves of doing business in the state of Illinois. And this lawsuit doesn't arise out of the implied contract. It arises out of the contract between the two parties that have nothing to do with us as a contract. Our interest arises by common law, but based on a Missouri lawsuit and contacts between the insured and Missouri, not between Evans and Green and the state of Illinois. And therefore, the court shouldn't fall into the trap of elevating the interest of the insurer, who is perfectly capable of going to Missouri and filing a deck action. Well, I... Yeah, we just found out about that. That's not part of the record. This court can't take judicial notice of an action in another jurisdiction. But I think the federal rule of civil procedure allows them to intervene as well in the federal action. But anyway, that's not really the question before us. If you don't have anything further, we'll hear from Mr. Chemers. But do you wish to sum up? Thank you, Your Honor. I'll go ahead and sit down. I believe that the briefs really do cover the remainder. All right. Thank you. Mr. Chemers. I'll be brief. What about that little lawsuit that's pending now? Well, I'll get to that. There's nothing in the motion to dismiss, which is at C-609-610 of the record, that mentions anything about Missouri law. What they did is they went down to 209 and the various jural acts that would be sufficient under the long-arm statute to affect out-of-state service and basically said they don't have any. There's no bank accounts, no business, no office, et cetera. Yes, we filed a suit. We filed a suit on January 18th in Springfield, Missouri. And yet we filed it out of an abundance of questions because we couldn't lose this appeal. Yes. We've already been told in the circuit court that if we lose this appeal, our case will be dismissed because of the absence of a necessary version when it's going to be another appeal to this court. And we could be in a situation where our suit in Missouri could be met by our insurer filing a Missouri equivalent of a motion to block service. That's true, but the allegations of the complaint in Missouri against this Illinois resident are that the Illinois resident violated the Missouri facts, whatever law it is. That put them in with an underlying case. That's a tort allegation. Right. That's in a different case. Yes. But the facts are a little different in terms of them, that is, Meadow Works and Brian Walsh arguing that they... I wish I could be so certain that we would pass muster on that. Also, the other thing I'll correct with Mr. Berman is that we don't have a PLA in the Supreme Court. It was their PLA. His office filed it, and they had it granted. And we're briefing. My appellee briefed for the insurance company. It's due February 6th. But the question of whether they committed a tort in that jurisdiction relates to a specific jurisdiction. And as you just said, I'm not sure everybody caught it, the tort was committed with regard to the other case. That's correct. Not with regard to the coverage. That's correct. So there's no tort with regard to the coverage. And I can't point out that because they waived jurisdiction with respect to the Evans and Green lawsuit by filing an appearance and removing it to the federal court that that somehow submits them to the jurisdiction of Missouri for all purposes. Now, you're preempting my argument. There's every reason to believe that the gamesmanship that is going on in this case, and it's gamesmanship because, and that's a good form of gamesmanship, because our Supreme Court will decide whether there's coverage on a TCPA case. If we're going to litigate this in Missouri or Iowa or Michigan, it's still going to be Illinois laws. Illinois company, Illinois policies, Illinois insurance. So Illinois laws should apply. If the Supreme Court affirms, there's going to be no coverage. There's going to be other issues. Well, we had seven motions for summary judgment that were granted that led to the appeal in standard mutual versus lay. The Fourth District only addressed one issue, so we have the other issues in play, if you will, in the Supreme Court. Well, in an abundance of caution, can't you also file a request to intervene under this permissive Rule 24? That's certainly something I'm going to ask this young associate to get the books on when we get back to the office. But I learned many years ago, don't ask a court to do something which, if he says no, you can't live with. Well, and I only brought that up because there was a suggestion in the brief, in your brief, that somehow you're never going to have an appropriate forum to litigate the coverage of not only Meadow Works, but also Evans and Green. That's a fact scenario that may be true in the next couple of weeks. I don't know. But what we have is we have a situation here, and we don't want to see a decision come out of an Illinois reviewing court that tells the Illinois insurance industry, if you have an insurer that is sued in another state, you're going to have to sue your insurer in a coverage case in the other state. And I don't think Illinois insurance companies, with Illinois insurance and Illinois policies, solely because they claim it is in another state, should be forced to bring their coverage suits in the other state. Well, this case, though, is fact-intensive, and I don't think that the decision here is related and will be related to the factual underpinnings that we have, and nothing more. I really think this case has to be decided on how the whole thing arose. And so I don't think every suit will be the same as this one. We have an Illinois resident who faxed something to Missouri, and anyway, that suit arose in Missouri. Anyway, what I'm trying to say is that there's facts here that dictate, I think, the result, and not every coverage action is going to be the same as this one, which is obviously unlike any other. Well, there are numerous. We file well over 100 declaratory judgments a year, and there are many, many that we file where the underlying case is not pending in Illinois, and we join that claimant. I just don't think if there were a case where jurisdiction were based upon a lawsuit being filed in another state, you or Mr. Berman would have supplied us with that. It doesn't appear that this has happened before. That's correct. For all those lesser-known questions, we would ask this Court to reverse. You know, it just seems to me that everybody knows these TCPA cases are driven by insurance. You'd agree with that, right? Yes. Yeah. I mean, that's what it's all about. And I was hoping he would admit, and Justice McBride's the question, that there's no coverage. But his office is in the case and the Supreme Court with us. But these cases are driven by insurance. You know, they're not bringing this lawsuit to get, you know, $500 out of Metalworks. No, you take that $500 and you multiply it by $3,000. It's a class action. So, presumably, without insurance, Metalworks and WAWS aren't going to be able to pay it. And they're going to be bankrupt or something. Come a time when they'll be very interested in what people do. Yeah. So, I mean, since the whole thing is driven by insurance, one can argue that when Evans and Green bring this lawsuit and they go after two Illinois residents, they know they're going to be in Illinois. And they know there'll probably be a coverage case. They know there's going to be a coverage case. And so I wonder if the argument is, because this is an unusual case, I wonder if the argument is that in these kind of cases, the underlying case and the coverage case are just inextricably intertwined and that's your basis for your practical approach. That's part of it. All right. Well, very well argued. Well briefed. And we will take the matter under advice. Yep.